IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERNON KING, JR., | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-17-1581 |
| | § | |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division. | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Vernon King, Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 has been referred to this magistrate judge for a report and recommendation (Dkt. 4). Respondent has moved for summary judgment (Dkt. 14). The court recommends King's petition be denied with prejudice.

## Background

King is currently in the custody of the Texas Department of Criminal Justice serving a life sentence for murder, and a consecutive 3-year sentence for possession of a deadly weapon in a penal institution. Dkt. 14-2. It is not necessary to recite the procedural history of his appeal and state habeas proceedings because he is challenging a disciplinary proceeding, not his conviction.

King was charged with threatening to harm an officer. He was found guilty and assessed punishment of 45 days of lost commissary privileges, 15 days of cell restriction, and retention of his current line class. Dkt. 1-1.

**Analysis**

A prisoner is entitled to federal habeas relief only when he has been deprived of some right secured by the United States Constitution or federal law. *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007). "The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). However, prisoners do not lose all constitutional rights when they are incarcerated. *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). While the Supreme Court explained in *Sandin* that states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484.

A prisoner cannot state a claim for federal habeas relief based on disciplinary sanctions unless the sanctions imposed affect the fact or duration of the prisoner's sentence. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir 2000). A change in good time earning classification will not "inevitably" affect the duration of a prisoner's sentence and thus does not give rise to a claim for federal habeas relief. *Malchi*, 211 F.3d at 959; *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997); *Sandin*, 515 U.S. at 487. Loss of privileges and cell restrictions are not atypical of the hardships that commonly occur in prison life. *See Malchi*, 211 F.3d at 958 ("Clearly, . . . thirty day loss of commissary privileges and cell restriction do not implicate due process concerns"). Therefore, King's

punishment does not trigger due process concerns and he cannot state a claim for federal relief.

In any event, King is not eligible for release on mandatory supervision under the statutes in effect at the time he committed the offense for which he was convicted, murder. TEX. GOV'T CODE § 508.149(a)(2); TEX. PENAL CODE § 19.02. Therefore, King could not state a claim for relief even if his punishment included lost good time credits.

## **Conclusion**

King cannot state a claim for federal habeas relief based on alleged constitutional defects in his disciplinary proceedings. Therefore, the court recommends that King's petition be denied with prejudice.

It is further ordered that King's motion to proceed in forma pauperis (Dkt. 10) is granted. King's motion for leave to amend to change the style of the case (Dkt. 6) is denied. King's motion for leave to amend to assert new claims (Dkt. 13) is also denied. To the extent the new claims King wants to pursue relate to the conditions of his confinement, he must file a separate civil rights complaint under 28 U.S.C. § 1983. *See Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

The court further finds that King has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on October 4, 2017.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge